WATTS *v.* KELLY, et al.

No. 43315 February 8, 1965 171 So. 2d 869

*Zachary & Weldy, M. M. Roberts,* Hattiesburg, for appellant.

*Dudley W. Conner,* Hattiesburg; *John K. Keyes,* Collins, for appellee.

GILLESPIE, J.

This appeal involves two cases which were consolidated and tried together in the circuit court, but with separate pleadings, instructions, verdicts and judgments. The two cases arose out of an automobile accident between an automobile driven north by Willie E. Kelly, deceased, and an automobile driven south by James Howard Watts. The vehicles collided head-on at the crest of a hill on a gravel road.

Mrs. Gillette F. Kelly and Rebecca Kelly, widow and only child of Willie E. Kelly, deceased, sued Supertane Gas Company and James Howard Watts for the alleged wrongful death of Willie E. Kelly, deceased. James Howard Watts was about the business of Supertane Gas Company when the collision occurred. Another suit was filed by James Howard Watts against Mrs. Gillette F. Kelly, executrix of the estate of Willie E. Kelly, deceased. A motion was made by one of the parties that the two cases be consolidated for trial, and an order sustaining this motion was entered by the court providing that the cases would be tried together but that

each case would otherwise retain its identity. After a somewhat lengthy trial, the jury returned two verdicts, one in favor of Mrs. Gillette F. Kelly and Rebecca Kelly against Supertane Gas Company and James Howard Watts for $40,000 damages for the wrongful death of Willie E. Kelly, deceased. That case has been settled since the submission of these cases in this Court and judgment has been entered accordingly.

In the case of James Howard Watts v. Mrs. Gillette F. Kelly, executrix of the estate of Willie E. Kelly, deceased, the jury brought in a verdict for the defendant, and James Howard Watts appealed, and it is this case that is now before this Court for decision.

We are of the opinion that it was a clearcut jury issue as to which vehicle was on the wrong side of the road. The issue was simple and direct and there was ample testimony to justify the jury in finding that James Howard Watts was operating his automobile on his left or wrong side of the road at the time of the collision. Neither party was entitled to a peremptory instruction. It would serve no purpose to detail the testimony of the various witnesses who arrived upon the scene after the accident and before the vehicles were moved.

During the course of the trial James Howard Watts was offered as a witness in his own behalf as a defendant, in behalf of Supertane Gas Company as defendant, and in his own behalf in his suit against the estate of Kelly, deceased. The court sustained the objection and refused to permit Watts to testify on the basis of Mississippi Code Annotated section 1690 (1956), which provides in part as follows:

"A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent. . . ."

 Since the settlement of the case wherein Supertane Gas Company and James Howard Watts were defendants we are not concerned with whether James Howard Watts was a competent witness in that case. We are of the opinion that James Howard Watts could not testify in the case now before this Court. Cross v. Frost, 227 Miss. 455, 86 So. 2d 296 (1956).

Certain errors are assigned in connection with the giving of instructions and in connection with the evidence, but in our opinion none of these assignments justifies discussion. We are of the opinion that the record does not reveal reversible error.

Affirmed.

*Kyle, P. J., and Rodgers, Jones and Brady, JJ.,* concur.